**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LYLE A. WILLIAMS,

        Plaintiff,                                CASE NO. 11-15525

v.                                                   HON. LAWRENCE P. ZATKOFF

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 19th day of December, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Docket #1). The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(f), this Court has decided Plaintiff's Motion upon the brief submitted, without this Court entertaining oral arguments.

### I.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3)    whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II.  FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's filing and makes the following findings.

**A.    Procedural and Substantive Deficiencies**

The Court finds that Plaintiff has not filed a Complaint in this matter and, as such, there may not be a case or controversy before this Court. The Court also notes that a motion for preliminary injunction must be accompanied by a brief, *see* E.D. Mich. L.R. 7.1(d), 65.1, and Plaintiff's motion is not accompanied by a brief, although the motion is accompanied by numerous documents. The Court shall not decline to entertain Plaintiff's filings on these grounds, however, and therefore addresses the merits of Plaintiff's filing.

Substantively, the Court finds that Plaintiff has not satisfied his burden to require this Court to grant Plaintiff's request for a preliminary injunction. Plaintiff has offered little, if any, argument to support any of the four injunctive elements set forth above. Most significantly, there is an absence of any facts or argument that would support a finding that there is a likelihood of success on the merits.

**B.    Abstention**

In reviewing the filing by Plaintiff, it is clear to the Court that there are pending two state court actions in Oakland County courts involving the underlying subject matter described in Plaintiff's filing. Specifically, it appears to the Court that: (1) at some point in 2011, Defendant

initiated a foreclosure and/or eviction proceeding against Plaintiff in regards to Clarkston, Michigan, property owned by Plaintiff in Oakland County Circuit Court, and (2) on November 18, 2011, Plaintiff filed an action against Defendant in the 52nd Judicial District, 2nd Division, Oakland County (the "District 52-2 Case"), that included allegations of "illegal foreclosure, false claim, extortion, conspiracy, forgery mail fraud, theft by deception and other related charges."

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g.*, *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008). Thus, assuming the Oakland County Circuit Court foreclosure/eviction proceeding is final, Plaintiff fails to cite to the Court any legal authority that this Court has jurisdiction and may properly enjoin any action that has been taken by the Oakland County Circuit Court.[1]

In addition, it is debatable, at best, whether this Court can or should become involved in a matter (*i.e.*, the District 52-2 Case) that is currently being litigated in state court, an action in which Plaintiff can seek the same relief he seeks here. As set forth in *Younger v. Harris,* 401 U.S. 37, 44 (1971), the U.S. Supreme Court first affirmed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. The *Younger* court emphasized that "extraordinary circumstances must be present to justify federal injunctive relief against state criminal prosecutions."*Younger*, 401 U.S. at 46. Subsequently, the abstention required by *Younger* was extended to civil proceedings in state court. *Huffman, et al. v. Pursue, LTD,* 420 U.S. 592, 595 (1975). In reaching this conclusion, the *Huffman* court recognized "the component of *Younger*

---

[1] Alternatively, if the Oakland County Circuit Court foreclosure/eviction proceeding is not final, the same issues discussed by the Court in the balance of this section apply to the Oakland County Circuit Court proceeding.

which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding." *Huffman,* 420 U.S. at 604.  In the context of state appellate proceedings, such as at issue here, the *Huffman* court emphasized the evils of federal court intervention:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts. Nor,..., is federal intervention at the appellate stage any the less a disruption of the State's efforts to protect interests which it deems important.

*Huffman,* 420 U.S. at 608.  The U.S. Supreme Court identified three factors to be applied by the district court when determining whether abstention is required: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and, (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir 2001).

In this case, the Court finds that all three factors overwhelming favor abstention by this Court.  As to the first factor, the District 52-2 Case is still being litigated and many of the key issues in the preliminary injunction sought before this Court are the same as those now being litigated in the District 52-2 Case.  Second, the relief sought here implicates important state interests, namely those related to property rights.  Third, Plaintiff has had, and still has, an adequate opportunity in the state proceedings to raise the constitutional challenges presented here.  The Court also finds that Plaintiff's filing of an action in the federal district court appears to be an attempt to forum shop or litigate the issues in multiple forums, with the hope that some court will rule in the Plaintiff's favor.

For the reasons described above, the Court finds that the parties elected to actively litigate the key issues of this case in the state courts long before, and in more detail than, they have in this Court.  More significantly, each of the claims before this Court turns on state law issues which can

be litigated in the District 52-2 Case. Therefore, the Court is reluctant to be the tribunal to resolve the issues presented in this case. Accordingly, the Court concludes that the abstention doctrine compels this Court to abstain from interfering with the related ongoing state court proceeding(s).

### III. CONCLUSION

Accordingly, Plaintiff's Motion for Preliminary Injunction (Docket #1) is DENIED and Plaintiff's cause of action is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

           S/Lawrence P. Zatkoff
           LAWRENCE P. ZATKOFF
           UNITED STATES DISTRICT JUDGE

Dated: December 19, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 19, 2011.

           S/Marie E. Verlinde
           Case Manager
           (810) 984-3290